GARDINER et al. v. FREED HEATER & MFG. CO.

No. 9877.

District Court, E. D. Pennsylvania.

Aug. 31, 1938.

Oscar W. Jeffery and J. Stanley Preston, both of New York City, for plaintiffs.

Isaac Ash, of Philadelphia, Pa., and Thomas A. Hill, of New York City, for defendant.

DICKINSON, District Judge.

This case concerns Letters Patent No. 1,886,577, issued to Adolph Ousdahl, for a Coal Burning Apparatus, claims 21, 22, 24 and 26 of which are in issue. It also as brought concerned another Patent to Edgar T. Warner No. 1,912,876. The latter may be dropped from the discussion because the charge of infringement was not pressed. Plaintiffs asked for what was in effect leave to withdraw this part of the Bill without prejudice. We see no need to allow this motion and it is denied. The grant of the Patent is prima facie evidence of validity. Infringement was not proven and this part of the Bill may be dismissed on this latter ground. This protects the defendant from all charges of past infringement. We think this is just because the plaintiffs have subjected the defendant to the trouble and expense of preparing its defense and should either press the charge of infringement to a decision or abandon finally the charges made. The plaintiffs have their remedy for later infringements, if any.

The merits of the Ousdahl Patent have been presented with such painstaking care and fulness as to predispose us to an acceptance of them. The defendant has contended itself with a challenge of the plaintiffs' case as presented.

The merits of the Patent Claim cannot be gauged without an understanding of the state of the art when this patentee entered upon it. It was far from being a virgin field.

Our chief concern is with heaters for what is known as domestic use. The extent to which the field had been preoccupied, at the time of this patentee's entrance upon it, is evidenced by the number of the patents and prior uses upon which the defendant relies as anticipations. These counsel for plaintiffs state to be 83, some of which however relate to the Warner

949

Patent. Aside from this the very situation presented made it sure that there would be as many different kinds of apparatus as mechanical ingenuity or inventive genius could create. Coal as a fuel has long been in use. All are familiar with the stoves and furnaces designed to utilize it. They all called for the labor of the stoker and the ash remover. Within the last score of years oil and gas have put in their claims as a rival fuel. The main strength of their competition lay in their justified claim that' the need of stokers and ash-removers was avoided. The fuel could be fed automatically to the fire and there was no ash residue to be removed. The coal men sought to meet this competition by introducing apparatus in place of the stoves and furnaces in use, which would automatically feed and stoke the coal and remove the ashes, thus eliminating manual labor. The claim of invention here relates to such apparatus. It will be noted that the prospective purchaser of such an apparatus was in most cases already supplied with a furnace. This he was reluctant to scrap. The problem thus became one to convert the furnace into an automatic stoker and ash-remover. Every installation presented its own problems. The capacity of the converted furnace to supply heat entered into the problem. A sufficient supply of fuel must be provided when a volume of heat was needed, together with a supply of air ·to assure complete combustion of the coal, and this must be regulated to meet the requirements when a low fire was desired. The location of the old furnace and the nature of its foundation entered into the problem of adopting it to its new uses. It is thus seen that the problem made a loud call for mechanical skill, but the field of invention had been largely pre-empted. The comment has been so often made that its re-statement seems trite, that one who is the first to introduce a special make of anything resents as an intrusion upon his rights,· the use of it by another. The doctrine of unfair competition gives partial recognition of this claim, by the law. It must always be remembered however that a Patent right is the grant of a monopoly. It is given to stimulate progress in the art. Room must be given for the exercise of mechanical skill in the improvement of the patented thing. If every such improvement was made the subject of a separate Patent, progress in the art would be hindered instead of promoted. This comment has special place here for the history of the application for this Patent in the Patent Office discloses that what the patentee designed was a special make of apparatus for which special merit is claimed. This is further evidenced by the number of the Claims. Each has been framed to give a monopoly in the sale of the special make of stoker described. The Patent‚Office in the Claims allowed was careful to limit the Patent granted to the particular make of stoker described. The Patent is so limited whether the file wrapper is to be considered in evidence or not. That each installation is a special construction in itself is evidenced by the fact that the plaintiffs have not limited themselves to the stokers of the Patent Claims in those they have installed. Their real complaint against the defendant is not that the latter has infringed upon the patented stokers but upon the special make which they install and claim to have devised. It is clear beyond question that the Claims of the Patent cannot be expanded to cover these special makes not described in the Claims. Indeed the defendant points out that neither the defendant nor the plaintiffs themselves nor any one has installed the stokers of the Patent. This is found as a fact but the defendant confidently asserts that the non-use of the patented stokers is due to the fact, which we are asked to find, that the stokers of the Patent are inoperative and wholly lacking in utility. This we refuse to find. The reason the stokers of the Patent have not been used is that we have indicated, which is that at each installation mechanical skill suggested a better stoker than those described in the Claims of the Patent. The only infringement charged against the defendant is an infringement of the special makes of stoker which the plaintiffs have installed but which are not the stokers of the Patent. There has been no infringement of the latter.

Without further adding to this already overlong discussion, we make the following Finding of Fact:

1. The defendant has not been guilty of any infringement of the Claims of the Patent in suit.

The .Conclusion of Law follows:

1. The plaintiffs' Bill should be dismissed, with costs.

For appellate and other purposes no decree is now entered but leave is given to enter a decree in accordance herewith.